**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| United States of America | ) |
| and | ) |
| State of Maine, | ) |
| Plaintiffs, | ) |
| v. | ) |
| Chevron U.S.A. Inc., | ) |
| Texaco Inc., | ) |
| Chevron Environmental Management Company, | ) |
| Cumberland Farms, Inc., | ) |
| and | ) |
| Gulf Oil Limited Partnership, | ) |
| Defendants. | ) |

Civ. Action No. 1:16-cv-00256-DBH

<u>CONSENT DECREE</u>

1

# I. <u>BACKGROUND</u>

A.      The United States of America ("United States"), by the Attorney General, on behalf of the United States Department of the Interior ("DOI") and the United States Department of Commerce, National Oceanic and Atmospheric Administration ("NOAA"), and the State of Maine, on behalf of the Department of Environmental Protection ("DEP"), Department of Agriculture, Conservation and Forestry ("DACF"), Department of Inland Fisheries and Wildlife ("DIFW") and Department of Marine Resources ("DMR") (collectively, "Plaintiffs"), have filed a Complaint against Chevron U.S.A. Inc., Texaco Inc., Chevron Environmental Management Co., Cumberland Farms, Inc., and Gulf Oil Limited Partnership in this Court.

B.      Plaintiffs allege that the Defendants are liable to the United States and the State under Section 1002(a) and (b) of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702 (a) and (b), and to the State under the Maine Oil Discharge Prevention and Pollution Control Law ("Oil Law"), 38 M.R.S. § 552(2), for damages for injury to, destruction of, loss of, or loss of use of, Natural Resources, including the reasonable cost of assessing the damages, resulting from discharges of oil that occurred starting at least as early as the 1970s at the former Chevron and Texaco marine oil terminal facilities located, respectively, at 799 and 809 Main Road North in Hampden, Maine (the "Oil Discharges").

C.      The State of Maine ("State" or "Maine") is a Co-Plaintiff and has joined the Complaint on behalf of the DEP, DACF, DIFW and DMR against the Defendants in this Court alleging that the Defendants are liable to the State under Section 1002(a) and (b) of OPA, 33 U.S.C. § 2702 (a) and (b), and Section 38 M.R.S. § 552(2) of the Oil Law, for damages for injury

to, destruction of, loss of, or loss of use of, Natural Resources, including the reasonable costs of assessing the damages, and the costs of preparing and implementing a natural resources restoration plan, resulting from the Oil Discharges.  On September 5, 2012, Maine Governor Paul R. LePage designated the Commissioner of the DEP as the lead trustee to act on behalf of the public for natural resources of the State, and designated DACF, DIFW, and DMR as co-trustees with the DEP for such resources.

D.      The Complaint alleges that: (1) the Oil Discharges caused injury to, destruction of, loss of, or loss of use of, Natural Resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States and the State, or other Natural Resources for which the State may seek damages pursuant to the Oil Law; and (2) the United States and the State have incurred costs in assessing the nature and extent of these injuries.

E.      The United States and the State share trusteeship of the Natural Resources alleged in the Complaint to be injured and are coordinating assessment and restoration efforts.

F.      The Parties agree, and this Court finds, that settlement of this matter without further litigation is in the public interest and that the entry of this Consent Decree is the most appropriate means of resolving the claims alleged in Plaintiffs' Complaint.

G.      The Parties agree and this Court, by entering this Consent Decree, finds that: (1) this Consent Decree has been negotiated by the Parties in good faith; (2) settlement of this matter will avoid prolonged and complicated litigation; and (3) this Consent Decree is fair, reasonable, and consistent with the goals of the applicable statutes.

H.      The Defendants do not admit any liability arising out of the transactions or occurrences alleged in this action.

3

NOW, THEREFORE it is Adjudged, Ordered and Decreed:

## II. <u>JURISDICTION</u>

1.    The Parties agree and this Court concludes that it has jurisdiction over the subject matter of this action pursuant to Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. §§ 1331 and 1345.  Venue lies in this District pursuant to Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. 1391(b).  This Court has pendent jurisdiction over the state law claims. This Court has, and the Defendants consent to, the Court's personal jurisdiction over them in connection with this action.  Solely for the purposes of this Consent Decree and the underlying Complaint, the Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  Defendants shall not challenge this Court's jurisdiction to enter and enforce this Consent Decree.

## III. <u>PARTIES BOUND</u>

2.    This Consent Decree applies to and is binding upon:  the United States, on behalf of DOI and NOAA, as designated federal trustees for Natural Resources, including those Natural Resources at, in the vicinity of, or affected by the Oil Discharges; the State, on behalf of the DEP, DACF, DIFW and DMR, as designated state trustees for Natural Resources, including those Natural Resources at, in the vicinity of, or affected by the Oil Discharges; and, the Defendants, including, without limitation, their successors and assigns, or other entities or persons otherwise bound by law.  Any change in ownership or corporate status of the Defendants including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the Defendants' or their  successors' and assigns' rights or responsibilities under this Consent Decree.  In any action to enforce this Consent Decree, the Defendants shall not raise as

4

a defense the failure by any of their officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## IV. DEFINITIONS

3.      Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in OPA or in the regulations promulgated by NOAA under OPA, 15 C.F.R. Part 990, shall have the meaning assigned to them in OPA or in such regulations, as applicable. Whenever the following terms are used in this Consent Decree or in the appendices attached hereto and incorporated hereunder, the definition specified hereinafter shall apply.

a.      "Consent Decree" shall mean this Decree and appendices attached hereto. In the event of a conflict between this Consent Decree and any appendix, this Consent Decree shall control.

b.      "Costs of Assessment" shall mean all costs within the meaning of Sections 1002(b)(2)(A) and 1006(d)(1)(C) of OPA, 33 U.S.C. §§ 2702(b)(2)(A), 2706 (d)(1)(C), and all costs of assessing natural resources damage which may be sought under Section 552(2) of the Oil Law, incurred by the Trustees on or before the date of lodging, including, but not limited to, direct, indirect, and administrative costs in assessing the alleged injury to, destruction of, loss of, or loss of use of, all Natural Resources at or in connection with the Oil Discharges and/or directly or indirectly related to negotiating this Consent Decree, and all Trustee costs of approving this Consent Decree.

c.      "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next working day.

d.      "Defendants" shall mean Chevron U.S.A. Inc., Texaco Inc., Chevron Environmental Management Company, Cumberland Farms, Inc., and Gulf Oil Limited Partnership and their successors and assigns.

e.      "DOI" shall mean the United States Department of the Interior.

f.      "Fund" shall mean the Oil Spill Liability Trust Fund established pursuant to 26 U.S.C. §§ 4611 and 9509.

g.      "Hampden, Maine Marine Oil Terminal Restoration Account" shall mean a project numbered account to be established within DOI's Natural Resource Damage Assessment and Restoration Fund ("DOI NRDAR Fund"), which will be funded by the Defendants in accordance with Section V (Payments by Defendants) of this Consent Decree and jointly administered by the Trustees in accordance with Section VII (Hampden, Maine Marine Oil Terminal Restoration Account) of this Consent Decree and a separate agreement among the Trustees.

h.      "Interest," as that term is used in Section VI (Stipulated Penalties) of this Consent Decree, shall mean interest calculated in the manner specified in Section 1005(b)(4) of OPA, 33 U.S.C. § 2705(b)(4).

i.       "Natural Resources" shall have the meaning provided in Section 1001(20) of OPA, 33 U.S.C. § 2701(20), and shall also include any natural resources for which the State may seek damages pursuant to 38 M.R.S. § 552(2).

j.       "Natural Resource Damages" shall mean the damages described at Section 1002(b)(2)(A) of OPA, 33 U.S.C. § 2702(b)(2)(A), and at Section 552(2) of the Oil Law.

k.      "NOAA" shall mean the National Oceanic and Atmospheric Administration.

l.      "Oil Discharges" shall mean all of the discharges of oil into or upon the land, tidal flats, groundwater, and Penobscot River that have occurred at and from the marine oil terminal facilities located at 799 Main Road North and 809 Main Road North in Hampden, Maine, starting at least as early as the 1970s and continuing through the Effective Date.

m.      "OPA" shall mean the Oil Pollution Act of 1990, Pub. L. No. 101-380, 104 Stat. 484, 33 U.S.C. §§ 2701-2761.

n.      "Parties" shall mean the Plaintiffs and the Defendants.

o.      "Plaintiffs" shall mean the United States and the State of Maine.

p.      "Restoration Plan(s)" shall mean a plan or plans developed by the Trustees in accordance with OPA and its underlying regulations at 15 C.F.R. §§ 990.53 – 990.56.

q.      "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

r.      "State" shall mean the State of Maine.

s.      "Trustees" shall mean the designated federal and state officials, and their designees, who act on behalf of the public as trustees for the Natural Resources, including those at, in the vicinity of, or affected by the Oil Discharges:  DOI, represented by the United States Fish and Wildlife Service ("USFWS"), and NOAA are the federal trustees for Natural Resources related hereto; DEP, DACF, DIFW and DMR are the state trustees for Natural Resources related hereto.

7

t.     "United States" shall mean the United States of America, on behalf of the DOI and NOAA, including all agencies, bureaus, administrations or departments of DOI and NOAA.

## V. <u>PAYMENT BY DEFENDANTS</u>

4.     If the Consent Decree is entered by this Court, Defendants shall, within Thirty (30) Days of the Effective Date, cause the sum of $922,862.00 to be paid as follows:

a.     $42,862.00 to the United States for reimbursement of Costs of Assessment incurred by DOI and NOAA.  Upon receipt, the United States will direct the payments as follows:

i.     $29,412.00 shall be deposited in the NOAA Damage Assessment and Restoration Fund ("DARRF"), to be applied toward Natural Resource Damages assessment costs incurred by NOAA;

ii.     $13,450.00 shall be deposited in the DOI NRDAR Fund, to be applied toward Natural Resource Damages assessment costs incurred by DOI.

b.     $880,000.00 to the United States on behalf of the Plaintiffs in resolution of their claims for Natural Resource Damages related to the Oil Discharges, to be used for restoration of Natural Resources, shall be deposited in the DOI NRDAR Fund, on behalf of the Trustees, for the purposes set forth in Paragraphs 7 and 8 of Section VII (Hampden, Maine Marine Oil Terminal Restoration Account).

c.     Payment required by Paragraph 4.a above shall be made by Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with the instructions that the Financial Litigation Unit of the U.S. Attorney's Office for the District of Maine shall provide to

8

Defendants following entry of the Consent Decree by this Court.  Defendants shall send a transmittal notice, indicating that the EFT has occurred, to the Parties in accordance with Section XII (Notices).

      d.    Payment required under Paragraph 4.b above shall be made by EFT to the U.S. Department of Justice in accordance with the instructions that the Financial Litigation Unit of the U.S. Attorney's Office for the District of Maine shall provide to Defendants following entry of the Consent Decree by this Court.  Defendants shall send a transmittal notice, indicating that the EFT has occurred, to the Parties in accordance with Section XII (Notices).  The transmittal notice shall reflect that the payment is being made to the "Natural Resources Damage Assessment and Restoration Fund, Account No. 14X5198 – Hampden, Maine Marine Oil Terminal Restoration Account."  DOI will assign these funds to a special project number to allow the funds to be maintained as a segregated account with the Department of Interior Natural Resource Damage Assessment and Restoration Fund, Account No. 14X5198 (the "Hampden, Maine Marine Oil Terminal NRD Account").  The funds paid pursuant to Paragraph 4.b shall be used jointly by the Trustees in accordance with Section VII (Hampden, Maine Marine Oil Terminal Restoration Account) of this Consent Decree and the separate agreement among the Trustees.  The Defendants are jointly and severally liable for the payments to be made pursuant to Paragraph 4.

## VI.  <u>STIPULATED PENALTIES</u>

     5.  Assessment of Stipulated Penalties.

The Defendants shall pay a stipulated penalty to the United States and the State for failure to make a payment in Paragraph 4, at the rate of one thousand dollars ($1,000) per day for each day

of non-compliance up to the first thirty (30) days of non-compliance.  After thirty (30) days of failure to make a payment in Paragraph 4, the Defendants shall pay a stipulated penalty to the United States and the State at the rate of three thousand dollars ($3,000) per day for each day of non-compliance after the first thirty (30) days of non-compliance.

      a.     Stipulated penalties shall begin to accrue on the day after payment is due and continue to accrue until the date of payment.

      b.     Any stipulated penalty payments shall be divided equally between the United States and the State.

      c.     The Defendants are jointly and severally liable for payment of such stipulated penalties.

      d.     The United States and/or the State may give the Defendants written notification that they have failed to make a payment as required by Paragraph 4.  Such notice shall describe the noncompliance and make a demand for the payment of the stipulated penalties. However, stipulated penalties shall accrue as provided in Paragraph 5.a regardless of whether the Defendants have been notified of a violation.  The Defendants shall pay stipulated penalties within thirty (30) days of receipt of written demand for such stipulated penalties by certified mail, as determined by the date of the required signature by the Defendants' authorized representative or agent acknowledging receipt of the written demand.

      e.     If the Defendants fail to pay stipulated penalties when due, the United States and/or the State may institute proceedings to collect the stipulated penalties, as well as Interest as provided in Paragraph 5.f.

      f.     Interest on Stipulated Penalties.

The Defendants shall pay Interest on the unpaid balance of any stipulated penalties due, which shall begin to accrue on the date thirty (30) days past the demand therefor.  The Interest on the unpaid balance of stipulated penalties due pursuant to Paragraph 5.a shall be divided equally between the United States and the State.  The Defendants are jointly and severally liable for such Interest payments.

g.      Notwithstanding any other provision of this Section, the United States and/or the State may, in their unreviewable discretion, waive any portion of its share of the stipulated penalties that have accrued pursuant to this Consent Decree.

h.      Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States and/or the State to seek any other remedies or sanctions available by virtue of Defendants' violation of this Consent Decree.

6.   Payment Instructions for Stipulated Penalties.

Any stipulated penalty payment shall be accompanied by a reference to this Consent Decree, be identified as "Stipulated Penalties," and reference "the Hampden, Maine Marine Oil Terminal." Notice of payment of a stipulated penalty shall be made to the Trustees in the manner specified in Section XII (Notices).

a.      Stipulated penalty payments to the United States shall be made by EFT to the U.S. Department of Justice in accordance with written instructions to be provided to Defendants by the Financial Litigation Unit of the U.S. Attorney's Office for the District of Maine.  At the time of payment, Defendants shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that the payment is for stipulated penalties owed pursuant to the Consent Decree, and shall reference the case

11

name, civil action number, DOJ Case Number (#90-11-3-11302), and the violations for which the stipulated penalties are being paid to the United States, in accordance with Section XII of this Decree (Notices).

b.      Stipulated penalty payments to the State shall be made by certified check made payable to Treasurer, State of Maine c/o "Maine Coastal and Inland Surface Oil Clean-up Fund" or a successor fund, as directed by DEP, and sent to Rebekah Koroski, Department of Environmental Protection, 17 State House Station, Augusta ME 04333-0017.

## VII. HAMPDEN, MAINE MARINE OIL TERMINAL RESTORATION ACCOUNT

7.      All funds deposited in the DOI NRDAR account in accordance with Paragraph 4.b. of Section V. (Payment by Defendants), including any interest or return on investment thereon, shall be held in the Hampden, Maine Marine Oil Terminal Restoration Account solely for use by the Trustees to jointly plan, implement, oversee, or monitor the restoration of injury to Natural Resources resulting from Oil Discharges, in accordance with the Restoration Plan(s) prepared pursuant to Paragraph 8.  DOI shall, in accordance with law, pursuant to the terms of the separate agreement among the Trustees, manage and invest the funds in the Hampden, Maine Marine Oil Terminal Restoration Account on behalf of the Trustees.  Upon receipt of the funds for Natural Resources, DOI will establish a distinct and project specific account number within the DOI NRDAR Fund to allow the funds to be maintained as a segregated account within the DOI NRDAR Fund.  DOI shall not make any charge against the Hampden, Maine Marine Oil Terminal Restoration Account for investment, management, or any other services provided with respect to operation of the account.

8.      At no further cost to the Defendants, the Trustees will prepare a Restoration Plan(s) for Natural Resources and jointly approve expenditures from the Hampden, Maine Marine Oil Terminal Oil Restoration Account consistent with the Restoration Plan(s) and pursuant to the terms of the separate agreement among the Trustees.  If the funds in the Hampden, Maine Marine Oil Terminal Restoration Account are not sufficient to complete the activities in the Restoration Plan(s) for Natural Resources, neither the Defendants nor the Trustees shall be required to expend additional funds to complete the activities in the Restoration Plan(s).

## VIII. <u>COVENANT NOT TO SUE BY PLAINTIFFS</u>

9.      In consideration of the payments and actions that have been and will be made by the Defendants under this Consent Decree, the United States covenants not to sue or take administrative action against the Defendants pursuant to Section 1002(a) and (b) of OPA, 33 U.S.C. § 2702(a) and (b), for (1) Costs of Assessment and (2) damages for injury to, destruction of, loss of, or loss of use of Natural Resources resulting from the Oil Discharges.  This covenant not to sue is conditioned upon receipt by the United States of all payments required by Section V (Payments by Defendants) and, as applicable, Section VI (Stipulated Penalties) of this Consent Decree.

10.     In consideration of the payments and actions that have been and will be made by the Defendants under this Consent Decree, the State covenants not to sue the Defendants pursuant to Section 1002(a) and (b) of OPA, 33 U.S.C. § 2702(a) and (b) and 38 M.R.S. § 552(2), for (1) Costs of Assessment and the costs of preparing and implementing a natural resources restoration plan, and (2) damages for injury to, destruction of, loss of, or loss of use of

Natural Resources resulting from the Oil Discharges.  This covenant not to sue is conditioned upon receipt by the State of notice that all payments required by Section V (Payments by Defendants) of this Consent Decree have been made by Defendants and, as applicable, receipt by the State of any payments pursuant to Section VI (Stipulated Penalties) of this Consent Decree.

11.     Reservations of rights.  Notwithstanding any other provision of this Consent Decree, the United States and the State reserve, and this Consent Decree is without prejudice to, all rights against the Defendants with respect to all matters other than those expressly specified in the covenants not to sue set forth in Paragraphs 9 and 10 of this Section, including, but not limited to:

a.     claims against the Defendants for their failure to meet a requirement of this Consent Decree;

b.     claims against the Defendants for damages, including assessment costs, under OPA and any other applicable law, for injury to, destruction of, loss of, or loss of use of, Natural Resources that are not resulting from the Oil Discharges;

c.     any criminal liability; and

d.     claims, other than claims for Natural Resource Damages related to the Oil Discharges, against the Defendants that the State, or the United States on behalf of the United States Environmental Protection Agency, and/or the United States Coast Guard, may have under any applicable law.

e.     Special Reservations Regarding Natural Resource Damages.

Notwithstanding any other provision of this Consent Decree, the United States and the State reserve the right to institute proceedings against the Defendants in this action or in a new action seeking recovery of Natural Resource Damages based on:

i.      conditions caused by the Oil Discharges, unknown by the Trustees as of the date of the lodging of this Consent Decree, that cause new or additional injury to, destruction of, loss of, or loss of use of such Natural Resources; or

ii.     information received by the Trustees after the date of lodging of this Consent Decree indicating that the Oil Discharges have resulted in new or significant additional injury to, destruction of, loss of, or loss of use of, such Natural Resources which injury is of a type that was unknown or a magnitude greater than was known by the Trustees as of the date of lodging of this Consent Decree.

## IX. COVENANT BY THE DEFENDANTS

12.     The Defendants hereby covenant not to sue and agree not to assert any claims or causes of action against the United States or the State, and their employees, agents, contractors, departments, agencies, administrations and bureaus, related to Natural Resource Damages arising from the Oil Discharges, including, without limitation, any potential or pending claims against the Fund relating to the Oil Discharges.  Defendants reserve, and this Consent Decree is without prejudice to, all claims, rights and defenses with respect to all matters not expressly included within this Covenant Not to Sue, including all rights and defenses with respect to all matters reserved in Paragraph 11 of Section VIII.

15

## X. <u>EFFECT OF SETTLEMENT</u>

13.     Upon the Effective Date and after all payments are made pursuant to this Consent Decree, the Defendants are entitled to contribution protection under Maine law from all contribution actions or claims for the matters addressed in this Consent Decree, such that, to the extent provided by 38 M.R.S. § 348(4), the Defendants shall not be liable for claims by other potentially liable persons regarding Natural Resources Damages addressed in this Consent Decree.

14.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree.  In addition, with the exception described in paragraph 13 above, nothing in this Consent Decree shall limit, enlarge, or otherwise affect, the private rights or claims of any person not a Party to this Consent Decree, except as may be determined otherwise by a court of competent jurisdiction.  Each of the Parties expressly reserves any and all rights (including, but not limited to, any right of contribution), defenses, claims, demands, and causes of action which each Party may have with respect to the Oil Discharges against any person not a Party hereto.

15.     This Consent Decree shall not bar any action by the United States or the State with respect to any matters other than those expressly specified in the covenants not to sue set forth in Paragraphs 9 and 10 of Section VIII (Covenant Not to Sue by Plaintiffs).

16.     This Consent Decree shall not preclude the United States or the State from instituting a separate or ancillary action to enforce the terms of this Consent Decree.

## XI. <u>MODIFICATION</u>

17.     a.     Material Modifications.  Material modifications to the Consent Decree

16

may be made only by written approval of the Parties and the approval of the Court.

      b.    Non-Material Modifications.  Non-material modifications of the Consent Decree may be made only by written approval of the Parties.  Non-material modifications will be effective when signed by all of the Parties and may be filed with the Court in order to maintain a complete record of the Consent Decree.

## XII. <u>NOTICES</u>

18.    Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed to those listed below.  Any Party may change the person and/or address applicable to it by providing notice of such change to all Parties.  All notices under this Section are effective upon receipt, unless otherwise specified.  Except as otherwise provided, notice to a Party by email (if that option is provided below) and by regular mail in accordance with this Section satisfies any notice requirement of this Consent Decree regarding such Party.

<u>As to the United States</u>:

    EES Case Management Unit
    Environment & Natural Resources Division
    U.S. Department of Justice
    P.O. Box 7611
    Ben Franklin Station
    Washington, DC 20044-7611
    eescdcopy.enrd@usdoj.gov
    Re: DJ# 90-11-3-11302

    Britta Hinrichsen
    United States Department of Commerce
    NOAA Office of General Counsel
    55 Great Republic Drive
    Gloucester, MA 01930
    britta.hinrichsen@noaa.gov

Mark Barash
United States Department of the Interior
Office of the Solicitor
One Gateway Center
Suite 612
Newton, MA 02458
mark.barash@sol.doi.gov


As to the State:

Mary Sauer
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
Mary.Sauer@maine.gov

Scott Whittier
Director, Petroleum Management Division
Bureau of Remediation and Waste Management
Department of Environmental Protection
17 State House Station
Augusta ME 04333-0017
Scott.Whittier@maine.gov

As to Chevron U.S.A. Inc., Texaco Inc. and Chevron Environmental Management Company:

Sigmund D. Schutz
Preti Flaherty Beliveau & Pachios LLP
One City Center
Portland, ME  04101
sschutz@preti.com

Neil J. Fletcher
Senior Counsel
Environmental & Safety Law Group
Chevron Services Company
A Division of Chevron U.S.A. Inc.
1400 Smith Street, 5th Floor
Houston, TX  77002
nejf@chevron.com

18

Robert Wilkenfeld
General Manager
Marketing Business Unit
Chevron Environmental Management Company
6101 Bollinger Canyon Road
San Ramon, California 94583
Wilkenfeld@chevron.com

As to Cumberland Farms, Inc.:

Cumberland Farms, Inc.
100 Crossing Blvd.
Framingham, MA  01702
Attention: General Counsel

As to Gulf Oil Limited Partnership:

Gulf Oil Limited Partnership
100 Crossing Blvd.
Framingham, MA  01702
Attention: General Counsel

## XIII. RETENTION OF JURISDICTION

19.    This Court retains jurisdiction over both the subject matter of this Consent Decree

and the Parties for the duration of the performance of the terms and provisions of this Consent

Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such

further order, direction, and relief as may be necessary or appropriate for the construction or

modification of this Consent Decree, or to effectuate or enforce compliance with its terms.

## XIV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

20.    a.    This Consent Decree shall be lodged with the Court for at least 30 days for

public notice and comment.

19

b.      The United States reserves the right to withdraw or withhold its consent to the Consent Decree if comments received regarding the Consent Decree disclose facts or considerations that indicate the Consent Decree is inappropriate, improper or inadequate.

c.      The Defendants consent to the entry of this Consent Decree without further notice, and agree not to withdraw or oppose entry of the Consent Decree or to challenge any provision of the Consent Decree.

21.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XV. <u>FINAL JUDGMENT</u>

22.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the Parties for only the Natural Resource Damages settled herein.  The Court finds that there is no just reason for delay and therefore enters this as a final judgment under Fed. R. Civ. P. 54 and 58.

## XVI. <u>ACTIONS OF TRUSTEES</u>

23.     All actions taken by the Trustees pursuant to this Consent Decree shall be in accordance with the terms of the separate agreement among the Trustees.

## XVII. <u>EFFECTIVE DATE</u>

25.     The effective date of this Consent Decree shall be the date upon which the approval of this Consent Decree is recorded on the Court's docket ("Effective Date").

## XVIII. <u>COSTS AND ATTORNEYS FEES</u>

26.     The Parties shall bear their own costs of this action, including attorneys' fees,

except that the Plaintiffs shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to enforce this Consent Decree.

## XIX. SIGNATORIES/SERVICE

27.     The undersigned representatives of the Defendants each certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

28.     Each Defendant shall identify on the attached signature page the name, address, telephone number and email address of an agent who is authorized to accept service of process, if served by both mail and email, on behalf of that Defendant with respect to all matters arising under or relating to this Consent Decree.  The Defendants hereby agree to accept service in this manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.  Defendants need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.


SO ORDERED THIS 7th DAY OF July, 2016.


/s/ D. Brock Hornby
UNITED STATES DISTRICT JUDGE
District of Maine

21

THE UNDERSIGNED PARTY enters into this consent decree in the matter of <u>United States and State of Maine v. Chevron U.S.A. Inc., et al.</u>


FOR THE UNITED STATES:


04/28/2016                                    */s/ John. C. Cruden*
Dated                                         JOHN C. CRUDEN
                                              Assistant Attorney General
                                              Environment and Natural Resources Division
                                              U.S. Department of Justice


04/29/2016                                    */s/ Laura J. Rowley*
Dated                                         LAURA J. ROWLEY
                                              Senior Counsel
                                              SUSAN AKERS
                                              Assistant Section Chief
                                              Environmental Enforcement Section
                                              U.S. Department of Justice
                                              P.O. Box 7611
                                              Washington, D.C.  20044-7611

22

THE UNDERSIGNED PARTY enters into this consent decree in the matter of <u>United States and State of Maine v. Chevron U.S.A. Inc., et al.</u>

FOR THE STATE OF MAINE:


03/23/2016                              */s/ Paul Mercer*
Dated                                   PAUL MERCER
                                        Commissioner
                                        Maine Department of Environmental Protection
                                        17 State House Station
                                        Augusta ME 04333-0017



03/29/2016                              */s/ Walter E. Whitcomb*
Dated                                   WALTER E. WHITCOMB
                                        Commissioner
                                        Maine Department of Agriculture, Conservation and
                                        Forestry
                                        22 State House Station
                                        Augusta ME 04333-0022



03/24/2016                              */s/ Chandler E. Woodcock*
Dated                                   CHANDLER E. WOODCOCK
                                        Commissioner
                                        Maine Department of Inland Fisheries and Wildlife
                                        41 State House Station
                                        Augusta ME 04333-0041



03/25/2016                              */s/ Patrick C. Keliher*
Dated                                   PATRICK C. KELIHER
                                        Commissioner
                                        Maine Department of Marine Resources
                                        21 State House Station
                                        Augusta ME 04333-0021

JANET T. MILLS
ATTORNEY GENERAL


04/05/2016                                    */s/ Mary M. Sauer*
Dated                                         MARY M. SAUER
                                              Assistant Attorney General
                                              Office of the Attorney General
                                              6 State House Station
                                              Augusta, ME 04333
                                              (207) 626-8579
                                              mary.sauer@maine.gov

24

THE UNDERSIGNED PARTY enters into this consent decree in the matter of <u>United States and State of Maine v. Chevron U.S.A. Inc., et al.</u>

FOR CHEVRON U.S.A. INC.:

03/14/2016
Dated

*/s/ Michael W. Woody*
Name: Michael W. Woody
Title:  Assistant Secretary
Address:      Chevron U.S.A. Inc.
                     6001 Bollinger Canyon Road
                     San Ramon CA 94583-2324

Agent authorized to accept service on behalf of Chevron U.S.A. Inc.:

Name: Sigmund D. Schutz, Esq.
Address:      Preti Flaherty, One City Center
                     Portland, ME  04101
Telephone number:   207-791-3000
Facsimile Number:   207-791-3111

25

THE UNDERSIGNED PARTY enters into this consent decree in the matter of <u>United States and State of Maine v. Chevron U.S.A. Inc., et al.</u>

FOR TEXACO INC.:

<u>03/14/2016</u>      */s/ Frank G. Soler*
Dated         Name: <u>Frank G. Soler</u>
           Title:  <u>Vice President and Secretary</u>
           Address: Texaco Inc.
               6001 Bollinger Canyon Road
               San Ramon CA 94583-2324

Agent authorized to accept service on behalf of Texaco Inc.:

        Name: <u>Sigmund D. Schutz, Esq.</u>
        Address:  <u>Preti Flaherty, One City Center</u>
             <u>Portland, ME  04101</u>
        Telephone number: <u>207-791-3000</u>
        Facsimile Number: <u>207-791-3111</u>

26

THE UNDERSIGNED PARTY enters into this consent decree in the matter of <u>United States and State of Maine v. Chevron U.S.A. Inc., et al.</u>

FOR CHEVRON ENVIRONMENTAL MANAGEMENT COMPANY:

03/14/2016
Dated

*/s/ Grace P. Nerona*
Name: Grace P. Nerona
Title:  Assistant Secretary
Address:      Chevron Environmental
              Management Company
              6001 Bollinger Canyon Road
              San Ramon CA 94583-2324

Agent authorized to accept service on behalf of Chevron Environmental Management Company:

Name: Sigmund D. Schutz, Esq.
Address:       Preti Flaherty, One City Center
               Portland, ME  04101
Telephone number:     207-791-3000
Facsimile Number:     207-791-3111

THE UNDERSIGNED PARTY enters into this consent decree in the matter of <u>United States and State of Maine v. Chevron U.S.A. Inc., et al.</u>

FOR CUMBERLAND FARMS, INC.:

<u>03/10/2016</u>                                        */s/ Mark G. Howard*
Dated                                                Name: <u>Mark G. Howard</u>
                                                    Title: <u>Exec. VP, General Counsel & Secretary</u>
                                                    Address:    Cumberland Farms, Inc.
                                                                100 Crossing Boulevard
                                                                 Framingham, MA 01702

Agent authorized to accept service on behalf of Cumberland Farms, Inc.:

                                                  Name: <u>Mark G. Howard, Exec. VP, General Counsel &</u>
                                                              <u>Secretary</u>
                                          Address:      <u>100 Crossing Boulevard</u>
                                                              <u>Framingham, MA 01702</u>
                                          Telephone number:   <u>508-270-1475</u>
                                          Facsimile Number:   <u>781-459-0570</u>

28

THE UNDERSIGNED PARTY enters into this consent decree in the matter of <u>United States and State of Maine v. Chevron U.S.A. Inc., et al.</u>

FOR GULF OIL LIMITED PARTNERSHIP:


<u>03/01/2016</u>                                          */s/ D. Gregory Scott*
Dated                                                     Name: D. Gregory Scott
                                                          Title:  SVP Supply Operations
                                                          Address:     Gulf Oil Limited Partnership
                                                                       100 Crossing Boulevard
                                                                       Framingham, MA 01702



Agent authorized to accept service on behalf of Gulf Oil Limited Partnership:


                    Name: Christopher E. Gill
                    Address:        100 Crossing Boulevard
                                    Framingham, MA 01702
                    Telephone number:     (508) 270-8346
                    Facsimile Number:     (781) 459-0454